NOS. 07-00-0105-CR; 07-00-0106-CR;
07-00-0107-CR; 07-00-0108-CR;
07-00-0109-CR; 07-00-0110-CR;
07-00-0111-CR; 07-00-0112-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 21, 2003

_____

WILLIAM CASH LOVE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;
NOS. B3249-99-07CR; B3250-99-07-CR; B3251-99-07-CR; B3252-99-07-CR;
B3253-99-07-CR; B3254-99-07-CR; B3352-99-07-CR; B3354-99-07-CR
HONORABLE JACK R. MILLER, JUDGE

_____

Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Appellant William Cash Love appeals from eight convictions for delivery of controlled substances. The charges were consolidated for trial. Appellant presents 38 issues in his consolidated appeal. We reverse and remand.

Appellant was indicted in Swisher County in Causes B3249-99-07-CR, B3250-99-07-CR, B3251-99-07-CR, B3252-99-07-CR, B3253-99-07-CR, B3254-99-07-CR, B3352-99-07-CR, B3354-99-07-CR. The indictments were for delivery of controlled substances of various kinds and amounts on various occasions. The charges were consolidated for trial before a jury, which returned guilty verdicts and assessed varying punishments. Appellant has appealed each conviction.

Appellant's consolidated brief presents 38 issues by which he prays that we reverse the convictions and remand the cases for new trials. Via issues one through eleven appellant asserts that the State failed to disclose material evidence which was exculpatory, favorable to appellant, or which could have been used to impeach State witnesses.

Appellant has filed a supplemental brief to which he attached an appendix consisting of parts of a document entitled Joint Stipulated Findings of Fact and Conclusions of Law from a collateral proceeding ("the Stipulations"). The Stipulations set out that the State, appellant, and others, stipulate to matters set out in the document.

Following filing of appellant's supplemental brief, the State advised the Court that the document appended to appellant's supplemental brief accurately sets forth the State's

2

"new position" in regard to appellant's appellate issues and matters included in the document.

Included in the Stipulations are specific findings and conclusions that the State did not disclose to appellant or his counsel, either pre-trial or during trial, evidence which (1) was material to appellant's defense, (2) was favorable to appellant, and (3) would have been used to impeach State's witnesses. Also included in the Stipulations is an agreed-to conclusion that the Brady[2] doctrine was violated and that the cases should be remanded for a new trial.

The State has an affirmative duty to disclose material, exculpatory evidence to a defendant. See Brady, 373 U.S. at 87; Ex parte Kimes, 872 S.W.2d 700, 702 (Tex.Crim.App. 1993). Brady evidence is "material" if there is a reasonable probability that if the evidence had been disclosed, the outcome of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d 481(1985); Kimes, 872 S.W.2d at 702.

Based upon the State's response and its new position as to appellant's issues, we sustain appellant's first issue. Our disposition of issue number one is dispositive of the appeals. Accordingly, we do not consider any other issues. See TEX. R. APP. P. 47.1.

We reverse the judgments and remand the cases for further proceedings. TEX. R. APP. P. 43.2.

---

[2]Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Phil Johnson
Chief Justice

Do not publish.